ELIZABETH ISON, State Bar No. 138382
THE ISON LAW GROUP
3220 M Street
Sacramento, CA 95816-5231
Telephone:  (916) 492-6555
Facsimile:  (916) 492-6556
Email:  eison@theisonlawgroup.com

Attorney for Defendant
MIKUNI MIDTOWN, LTD., a California
corporation


JOHNNY L. GRIFFIN, III, State Bar #118694
VICTORIA M. CIGANDA, State Bar #215719
LAW OFFICES JOHNNY L. GRIFFIN III
1010 F Street, Suite 200
Sacramento, California 95814
Telephone: (916) 444-5557

Attorneys for Plaintiff
NICOLE WONG

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE WONG,<br><br>        Plaintiff,<br><br>    v.<br><br>MIKUNI MIDTOWN, LTD., a corporation;<br>BRANNON HARPER-KENT; and DOES I<br>through XX, inclusive,<br><br>        Defendant. | CASE NO.:  2:07-CV-00783-GEB-GGH<br><br>STIPULATION AND PROTECTIVE<br>ORDER |

        GOOD  CAUSE  FOR  THIS  ORDER:   The  above-entitled  action  involves  employment

claims, including claims of sexual harassment.  In connection with this action, Plaintiff Nicole

Wong  ("Plaintiff")  and  Defendant  Mikuni  Midtown,  Ltd.  ("Defendant")  either  have  sought

information  or  anticipate  seeking  information  that  includes  confidential  personnel  and  personal

information,  proprietary  business  information,  financial  information  and/or  other  confidential

information.  The parties have good cause to protect the confidentiality of this information and, to

1   the extent such information is relevant to this case, it is entitled to special protection from

2   disclosure pursuant to F.R.C.P. 26(c).

3        WHEREAS, Plaintiff and Defendant, having stipulated to the following provisions herein

4   and having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to

5   protect the confidentiality of nonpublic information that may need to be disclosed to adversary

6   parties in connection with discovery in this case, and the parties having consented to the form of

7   this Order, and the Court having found that good cause exists for issuance of an appropriately

8   tailored confidentiality order governing the pretrial phase of this action;

9        IT IS HEREBY ORDERED that any person or party subject to this Order -- including

10   without limitation the parties to this action, their representatives, agents, experts and consultants,

11   all third parties providing discovery in this action, and all other interested persons with actual or

12   constructive notice of this Order -- shall adhere to the following terms:

13        1.     This Order shall govern the production, disclosure, maintenance and use of all

14   information deemed confidential or proprietary by either Plaintiff or Defendant (hereinafter

15   "Confidential Information").

16        2.     Confidential Information shall include any document, transcribed testimony or

17   response to a discovery request, including any extract, abstract, chart, summary, note or copy

18   made therefrom, that is designated by Plaintiff or Defendant as containing proprietary business

19   information or financial information, personnel or personal information and/or trade secrets.

20        3.     Such documents produced or information may be designated as "Confidential" in

21   the following manner:

22             a.     By imprinting the word "Confidential" on the first page or cover of any

23   document produced;

24             b.     By imprinting the word "Confidential" next to or above any response to a

25   discovery request;

26             c.     With respect to transcribed testimony, by giving written notice to opposing

27   counsel designating such portions as "Confidential" no later than ten days after receipt of the

28   transcribed testimony; and

STIPULATION AND PROTECTIVE      -2-                        {00058092. 1}
ORDER

1           d.        With respect to records produced to either Plaintiff or Defendant by a third

2 party (such as medical records produced pursuant to subpoena), by giving written notice to

3 opposing counsel identifying such documents with specificity and designating such documents as

4 "Confidential" no later than ten days after receipt of documents.

5        4.        All documents and information designated as "Confidential" shall be subject to the

6 following restrictions:

7           a.        They shall be used only for the purpose of this litigation and not for any

8 business or other purposes whatsoever;

9           b.        They shall not be communicated or disclosed in any manner, either directly

10 or indirectly, to anyone other than:

11               (1)        The court and stenographers transcribing the testimony or argument

12 at hearing, trial, deposition or post-trial motions in this action or any appeal therefrom;

13               (2)        Plaintiff's and Defendant's respective counsel in this action and

14 attorneys, clerical, paralegal and secretarial staff regularly employed by Plaintiff's and

15 Defendant's counsel;

16               (3)        Plaintiff and Defendant, provided that each signs a declaration in the

17 form attached hereto as Exhibit A agreeing to be bound by this Protective Order;

18               (4)        Experts consulted by Plaintiff's and Defendant's counsel in

19 connection with this action, but only to the extent necessary to assist Plaintiff's and Defendant's

20 counsel in the prosecution of this litigation, and provided that each such expert sign a declaration

21 in the form attached hereto as Exhibit A agreeing to be bound by this Protective Order and

22 consenting to the jurisdiction of the Court;

23               (5)        Deponents during the course of their depositions; and

24               (6)        Such other persons as the Court may specifically approve after

25 notice and hearing, but only subject to any terms or conditions imposed by the Court and provided

26 that each such person sign a declaration in the form attached hereto as Exhibit A agreeing to be

27 bound by this Protective Order and consenting to the jurisdiction of the Court.

28

STIPULATION AND PROTECTIVE        -3-                             {00058092. 1}
ORDER

1   5.  This Protective Order shall not apply to any person or entity indicated on the face

2 of the documents to be its originator, author, or recipient of a copy thereof.

3   6.  Individuals authorized to review Confidential Information pursuant to this

4 Protective Order shall hold such information in the strictest confidence and shall not divulge the

5 information, either verbally or in writing, to any other person, entity or government agency unless

6 ordered to do so by a court of law.

7   7.  No copies of Confidential Information shall be made except by or on behalf of

8 Plaintiff's and Defendant's counsel in this litigation.

9   8.  All documents and information identified as "Confidential," including all extracts,

10 abstracts, charts, summaries, notes or copies made therefrom, must be retained in the custody of

11 counsel or other persons authorized by this Protective Order during the pendency of this litigation,

12 with the exception of copies loaned to expert witnesses or lodged with the arbitrator, court, or a

13 court of appeal.

14   9.  In the event that Plaintiff or Defendant shall desire to provide access to information

15 or documents identified as "Confidential" hereunder to any person or category of persons not

16 identified above, he or she shall move the Court for an order that such a person or category of

17 persons may be given access to the information.  In the event that the motion is granted, such

18 person or category of persons may have access to the information; but only subject to any terms or

19 conditions imposed by the Court, and provided that such person or persons sign a declaration in

20 the form attached hereto as Exhibit A agreeing to be bound by this Protective Order and

21 consenting to the jurisdiction of the Court.

22   10.  Plaintiff's and Defendant's counsel shall be responsible for taking reasonable steps

23 to assure compliance with the terms of this Protective Order and for obtaining the prior agreement

24 to be bound by the terms of the Protective Order from all qualified recipients to whom any

25 Confidential Information is disclosed in accordance with this Protective Order.

26   11.  If Plaintiff or Defendant objects to the claim that certain information should be

27 deemed Confidential, he, she, or it shall inform the other Plaintiff and Defendant in writing that

28 the information should not be so deemed, and the parties shall attempt first to resolve such dispute

1   in good faith and on an informal basis.  If the parties are unable to resolve their dispute, the

2   objecting party shall present a motion to the Court objecting to such status or the objection is

3   waived.  The information shall continue to have Confidential status during the pendency of any

4   such motion.

5         12.    The termination of this action shall not relieve Plaintiff and Defendant and persons

6   obligated hereunder from their responsibility to maintain the confidentiality of information

7   designated Confidential pursuant to this Order, and the Court shall retain continuing jurisdiction to

8   enforce the terms of this Protective Order.

9         13.    By agreeing to the entry of this Protective Order, the parties hereto adopt no

10   position as to the admissibility of documents produced subject to this Protective Order.

11         14.    Nothing in this Protective Order shall preclude any party from filing a motion

12   seeking further or different protection from the Court, or from filing a motion with respect to the

13   manner in which Confidential Information shall be treated at trial, provided good cause for such

14   protection or orders is shown by the moving party.

15

16   Dated:August 8, 2007                    LAW OFFICES OF JOHNNY L. GRIFFIN, III

17

18                                          /s/ Victoria M. Ciganda

19                                          (as authorized on August 8, 2007)
                                            Victoria M. Ciganda
20                                          Attorney for Plaintiff
                                            NICOLE WONG
21

22   Dated: August 8, 2007                  THE ISON LAW GROUP

23

24                                          /s/ Elizabeth R. Ison
                                            Elizabeth R. Ison
25                                          Attorney for Defendant
                                            MIKUNI MIDTOWN, LTD.
26

27

28

STIPULATION AND PROTECTIVE ORDER          -5-          {00058092. 1}

1

<u>ORDER **</u>

2          The Protective Order and its provisions as detailed hereinabove is hereby entered and shall

3   from this point forward control all parties to this action by and through its terms.

4                                    <u>/s/ Gregory G. Hollows</u>

5   Dated: 8/21/07

6                                    United States Magistrate Judge

7

8   **        (1) This protective order does not apply to court personnel insofar as court
    authorized actions may violate the literal terms of this order.

9          (2) This order does not relieve the parties from seeking permission to file material

10  under seal according to the local rules of this court and general law.

11

12

13

14    ..    Wong.ord                                                                              .

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE              -6-                          {00058092. 1}
ORDER

1

**EXHIBIT A**

2

DECLARATION

3

I, _____, declare under penalty of perjury the following:

4

        1.     I have read the Stipulated Protective Order (the "Protective Order") that has

5

been entered in Wong v. Mikuni Midtown Ltd., et al., United States District Court, Eastern

6

District of California Case No. 2:07-CV-00783-GEB-GGH ("action").

7

        2.     I promise that I will not divulge to anyone, or undertake to divulge to

8

anyone, any information shown to me that is designated as Confidential and/or Privileged in the

9

manner described in the Protective Order.  I will not use such Confidential and/or Privileged

10

Information for any purpose other than in connection with the action.

11

        3.     For the purposes of enforcing the terms of the Protective Order, I hereby

12

submit myself to the jurisdiction of the Court in the action.

13

        Executed this _____ day of _____, 2007, in Sacramento, California.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE
ORDER

-7-

{00058092. 1}